BACO, PLAINTIFF AND APPELLANT, v. FRANCESCHI, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 2904.—Decided July 26, 1923.

INJUNCTION—WASTE—DISCRETION OF COURT.—It is not an abuse of discretion to refuse to issue a permanent writ of injunction applied for by a lessor against

a lessee who is alleged to have felled trees on the leased property. Inasmuch as the evidence shows that the felling of the trees was not sanctioned by the lessee, who assured the plaintiff that he would put a stop to it, and there being no evidence that the acts complained of by the plaintiff were continued, or that there was any probability of their being continued, or that the damages were more or less irreparable, it follows that the court properly exercised its discretion in refusing to issue the writ.

The facts are stated in the opinion.

*Mr. G. Rodríguez* for the appellant.

*Messrs. J. & M. Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Ponce refused to issue a writ of injunction and as the issuance of a writ of injunction is a matter within the sound discretion of the court the object of this review is to ascertain whether the court committed such an abuse of discretion as would justify a reversal. The complainant, Emilio Bacó Sánchez, leased two lots to Alejandro Franceschi and two of the clauses of the lease were as follows:

"8. The felling of trees that may serve as shelter for the cattle in the fields is forbidden except for the purpose of planting sugar cane, for in that case it will be allowed to destroy such trees as it may be absolutely necessary to destroy to permit said planting in the judgment of lessee.

"11. Failure to pay one semester of rent or the violation of any of the stipulations of this contract on the part of lessee shall be a sufficient cause for the rescission of the contract, the lessors being entitled immediately to enter into possession of the leased properties without prejudice to their rights or to those of their successors in interest to demand from the lessee whatever damages they may have sustained for the violation of this contract, including costs, disbursements and attorney fees in case of suit."

It was a fact established at the trial that some twelve hucar trees were destroyed.

The court held that the adequate remedy for the cutting of the trees was given by section 11 of the contract, which

permitted complainant to terminate the lease and, of course, to recover damages.

The court also held that an injunction is a forward looking writ and found that there had been no proof that the defendant was continuing or proposed to continue the acts complained of. Indeed, the proof tends to show that the defendant assured the complainant that the acts of destruction were not countenanced by him and were done without his authority and would not be continued. There was some evidence also that the particular trees destroyed were not of great value. The court also said that the damages were mentioned in the contract.

The appellant says that he did not care to subject the defendant to such a violent penalty as ousting him from the premises when he could accomplish the same result by an injunction, but to subject a defendant to this writ at all it ought to appear that the acts complained of were to some extent continuing or liable to be continued and that the damages produced or liable to be produced were more or less irreparable. A calculation made by the appellee would tend to show that the damages caused or liable to be caused to the appellant were relatively small. The amount of $2,000 alleged as a deterioration of the property was an excessive amount; and, in any event, the damages could have been reached by a legal action.

We find no abuse of discretion and the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.